

[sell] a drug the use of which is claimed in a patent before the expiration of such patent."

See 21 U.S.C. § 355(j)(2)(A)(vii).

### A. Mylan's Rosuvastatin ANDA.

(August 2007 Letter to FDA (emphasis added) (Exhibit 6)).[12] statute and regulation, Mylan notified AstraZeneca that Mylan's ANDA included a paragraph IV certification to the '314 compound patent. (Notice Letter to AstraZeneca at 2-3 (Exhibit 7)). On December 11, 2007, AstraZeneca sued Mylan for infringement of the '314 patent under 35 U.S.C. § 271(e)(2). ('314 Complaint at 4-5 (Exhibit 8)). In support of its § 271(e)(2) infringement claim, AstraZeneca correctly alleged that Mylan had filed a paragraph IV certification to the '314 patent. (*Id.* ¶ 18.) AstraZeneca did not allege or otherwise attempt to claim infringement of the '618 or '152 patents. (*Id.*)





14



As discussed above, the Federal Circuit has confirmed that the "FDA *approves* the section viii statement *only* where there is *no overlap* between the proposed carve-out label submitted by the generic manufacturer and the use code narrative submitted by the pioneering manufacturer." *Novo v. Caraco*, 601 F.3d at 1361-62 (citing 68 Fed. Reg. at 36682) (emphasis added).



15



### III. Judge Farnan's '314 Patent Judgment.



On July 15, 2010, Judge Farnan signed a final judgment holding the '314 patent valid, enforceable and infringed and ordering that the FDA cannot grant final approval of Mylan's rosuvastatin ANDA until July 8, 2016. ('314 Judgment at 4 (Exhibit 14)).  AstraZeneca, nevertheless, has failed to withdraw the Amended Complaint in this case.

### IV. The Amended Complaint In This Case.

The Amended Complaint alleges infringement of the '618 and '152 patents under § 271(e)(2), and *only* § 271(e)(2). (Amended Complaint (D.I. 5) at 4-6 ('618 patent), 6-8 ('152 patent), 9 (seeking a finding of Section 271(e)(2) infringement)). Unlike AstraZeneca's December 2007 Complaint against Mylan for infringement of the '314 patent, the Amended Complaint here does not, and indeed cannot, allege that Mylan filed a paragraph IV certification

16

to either the '618 or '152 patent. (*See generally*, Amended Complaint (D.I. 5)).[13] Instead, the Amended Complaint alleges, "[o]n information and belief," that the FDA "will" require Mylan, at some point in the future, to include allegedly infringing methods of use in Mylan's product label:

> 23. On information and belief, the FDA will require the label for the Mylan Rosuvastatin Calcium Tablets to include information relating to the use to treat pediatric patients 10 to 17 years of age having HeFH.
>
> * * *
>
> 37. On information and belief, the FDA will require the label for the Mylan Rosuvastatin Calcium Tablets to include information relating to the use for the primary prevention of cardiovascular disease.

(Amended Complaint (D.I. 5) at 5, 7 (emphasis added)). These allegations are unsupported, and, as it turns out, just plain wrong.

### A. The '618 Patent.

Plaintiffs allege, "on information and belief," that the FDA "will require" the Mylan label to include information regarding the use allegedly claimed by the '618 patent, namely, the use of rosuvastatin to treat pediatric patients 10-17 years of age with heterozygous familial hypercholesterolemia (HeFH). (Amended Complaint (D.I. 5) at 4-5; *see also* Exhibit B to Amended Complaint (D.I. 5-2) at 3, 5.)[14]

---

[13] Nor does the Amended Complaint allege that Mylan should have filed a paragraph IV certification as to any claim of the '618 or '152 patents. (*See generally*, Amended Complaint (D.I. 5)).

[14] The '618 patent expressly restricts its claims to treating only "patient[s] suffering heterozygous familial hypercholesterolemia." (Exhibit A to Amended Complaint (D.I. 5-1) at col. 9, line 45 to col. 10, line 45.) Methods to treat patients with *homozygous* familial

17



**B.   The '152 Patent.**

Plaintiffs also allege, "on information and belief," that the FDA "will require" the Mylan label to include information on the use allegedly claimed by the '152 patent, namely, the use of rosuvastatin for the primary prevention of cardiovascular disease. (Amended Complaint (D.I. 5) at 7; Exhibit D to Amended Complaint (D.I. 5-4) at 2.)

Finally, the Amended Complaint alleges that, "if" the FDA grants final approval of Mylan's ANDA (which may not occur until July 8, 2016 or thereafter), Mylan "will" induce or contribute to the infringement of the '618 and '152 patents. (Amended Complaint (D.I. 5) at 5, 8.)

---

hypercholesterolemia are, according to the '618 patent specification, "excluded from the scope of [the '618] invention." (*Id.* at col. 3, lines 34-36.)