## ARGUMENT

In the Third Circuit, motions to dismiss for lack of jurisdiction are divided into two types: (1) a "facial attack" that the complaint does not allege facts sufficient to establish jurisdiction; and (2) a "factual attack" that the jurisdictional allegations of the complaint, when considered along with facts and documents outside of the complaint, are unsupported or untrue. Here, Mylan attacks jurisdiction both "facially" and "factually."

*First*, because Plaintiffs fail to allege, and indeed cannot allege, that Mylan filed a paragraph IV certification as to either patent-in-suit, the Amended Complaint, on its face, does not and cannot establish subject matter jurisdiction. *Second*, even if the Court looks outside the Amended Complaint to evaluate whether the FDA "will require" Mylan to file a paragraph IV certification to either the '618 or '152 patent at some point in the future, the Court will find Plaintiffs' speculative allegations to be wholly unsupported and, more importantly, false.



In sum, subject matter jurisdiction is sorely lacking any way you slice it.

Because this Court lacks subject matter jurisdiction, the Court need not evaluate the substance of Plaintiffs' infringement claims. But if the Court were to evaluate whether Plaintiffs have stated a claim for infringement, it would also find a primary element missing—the predicate act of infringement. A paragraph IV certification is not only a jurisdictional prerequisite; it is a critical element of any claim under § 271(e)(2). A claim for infringement under § 271(e)(2) requires a "highly artificial act of infringement": the filing of a paragraph IV

certification to each patent-in-suit. Plaintiffs have failed to allege this act of infringement and, therefore, have failed to state a claim for infringement. Moreover, since any claim for indirect infringement requires an underlying act of direct infringement, Plaintiffs have failed to state a claim for induced or contributory infringement.

I.   **Legal Standards.**

A Rule 12(b)(1) motion may "(1) 'attack the complaint on its face' or (2) 'attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings.'" *MEI, Inc. v. JCM Am. Corp.*, No. 09-0351, 2010 WL 2346342, at *2 (D.N.J. Jun. 9, 2010) (Kugler, J.) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)); *see also Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*, No. 09-390, 2010 WL 2573953, at *2 (D. Del. Jun. 25, 2010); *Novo v. Mylan*, 2010 WL 1372437, at *5. In a facial attack on jurisdiction, the court "may only consider the allegations of the complaint, and documents referenced therein, in the light most favorable to the plaintiff." *Enhanced Sec.*, 2010 WL 2573953, at *2 (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). In a factual attack, the "court does not presume the truth of the allegations and 'the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *MEI*, 2010 WL 2346342, at *2 (quoting *Mortensen*, 549 F.2d at 891); *see also Novo v. Mylan*, 2010 WL 1372437, at *5 ("Should factual issues arise regarding subject matter jurisdiction, the court may consider exhibits outside the pleadings." (citing *Gould*, 220 F.3d at 178)). "Furthermore, the plaintiff has the burden of proving that the court has subject matter jurisdiction." *MEI*, 2010 WL 2346342, at *2 (quoting *Mortensen*, 549 F.2d at 891).

Rule 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. A complaint can survive a motion to dismiss only "if it contains sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

20

its face.'" *Hill v. Commerce Bancorp*, No. 09-3685, 2010 WL 2539696, at *3 (D.N.J. Jun. 17, 2010) (Kugler, J.) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## II. This Court Lacks Subject Matter Jurisdiction Over Both Patents-In-Suit.

### A. A Paragraph IV Certification Is A Jurisdictional Prerequisite.

Congress limited federal court jurisdiction under § 271(e)(2) to the filing of an ANDA containing a paragraph IV certification to a particular patent. *See* 35 U.S.C. § 271(e)(2)(A); *see also Eli Lilly*, 496 U.S. at 678 (noting that "an act of infringement had to be created" for ANDA proceedings and concluding "[t]hat is what is achieved by § 271(e)(2)—the creation of a highly artificial act of infringement that consists of submitting an ANDA . . . containing the fourth type of certification."). In *Eisai Co. v. Mutual Pharmaceutical Co.*, No. 06-3613, 2007 WL 4556958 (D.N.J. Dec. 20, 2007), the Honorable Harold A. Ackerman addressed whether a paragraph IV certification was required for § 271(e)(2) jurisdiction. After analyzing controlling authority, Judge Ackerman found that, "in several opinions, the Federal Circuit has provided detailed explanations of the workings of the Hatch-Waxman Act and the ANDA process. These recitations make clear that, according to the Federal Circuit, § 271(e)(2) depends on the filing of an ANDA containing a Paragraph IV certification." *Eisai*, 2007 WL 4556958, at *11. The court therefore correctly held "that to establish an act of infringement pursuant to § 271(e)(2), the ANDA must contain a Paragraph IV certification against a patent listed in the Orange Book for the drug in question." *Id.*, at *12.

Judge Wolfson reached the same conclusion based on a thorough and reasoned review of Supreme Court and Federal Circuit precedent, as well as the *Eisai* decision:

> It is clear from the foregoing, that what has driven the conclusion that *a Paragraph IV Certification must be filed* along with an ANDA *to confer jurisdiction* over an infringement action under Section 271(e)(2)(A), is what that Paragraph IV Certification represents for the purposes of the infringement action,

21

███████████████████████████

i.e., that the certification has been filed in error and that infringement would actually occur if the drug were brought to market.

*Novo v. Mylan*, 2010 WL 1372437, at *10 (emphasis added). Judge Wolfson concluded further that the question of jurisdiction based on a paragraph IV certification is a patent-claim-by-patent-claim analysis. *Id.* ("where no Paragraph IV Certification has been filed in connection with the only claim at issue with regard to the '378 patent, the Court fails to see how the filing of the Paragraph IV Certifications in connection with claims 1-3, and 5 are even relevant"). In other words, for example, where a generic company files a paragraph IV certification for one Orange Book patent but provides a section viii statement as to separate "method of use" Orange Book patents, the jurisdiction created by the paragraph IV certification does not extend to the separate "method of use" patents. *See id.* ("The filing of Paragraph IV Certifications as to claims that are not in issue in an infringement action *simply cannot constitute an act of infringement upon which the Court may base jurisdiction . . . .*" (emphasis added)).

**B.    On Its Face, The Amended Complaint Does Not, And Indeed Cannot, Allege That Mylan Provided A Paragraph IV Certification To Either Of The Patents-In-Suit.**

Unlike AstraZeneca's previous rosuvastatin complaint against Mylan, the Amended Complaint in this case admittedly does not allege that Mylan has ever filed a paragraph IV certification to either the '618 or '152 patents-in-suit ████████████████ ████████████████████████████ (*See generally*, Amended Complaint (D.I. 5)). The absence of this critical jurisdictional prerequisite, standing alone, requires dismissal of the Amended Complaint for lack of subject matter jurisdiction. *See, e.g., Novo v. Mylan*, 2010 WL 1372437, at *1, *5-*10 (granting Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction where generic company (Mylan) had not provided a paragraph IV certification to the asserted patent claim).

22

### C. Factually, The Allegations That The FDA "Will Require" Mylan To Include Allegedly Infringing Methods-Of-Use Or Otherwise Provide Paragraph IV Certifications Are Simply Wrong.

Instead of alleging that Mylan filed paragraph IV certifications to the patents-in-suit, AstraZeneca alleges that somehow (and for some unknown reason) the "FDA will require" Mylan to include allegedly infringing methods-of-use in its rosuvastatin product label. In other words, this absurd theory boils down to the wholly unfounded suggestion that, [redacted] the FDA somehow "will require" Mylan to submit paragraph IV certifications (along with new labeling containing the allegedly infringing methods-of-use). But this speculative allegation—insufficient to begin with—has already been proven false. [redacted] So no matter how many times AstraZeneca says it, the fact is that any allegation that the "FDA will require" Mylan to do anything with its label or to provide paragraph IV certifications to the '618 and '152 patents is wholly unsupported, if not patently false, and cannot support subject matter jurisdiction.

Moreover, even if Plaintiffs' speculative allegations of potential FDA action were factually correct (they are not), a possible future paragraph IV certification does not create a cause of action under § 271(e)(2). In the recent *Novo v. Mylan* case, Judge Wolfson rejected the same theory and concluded that the case must be dismissed for lack of case or controversy. Much like AstraZeneca here, the brand company in that case, Novo Nordisk, attempted to claim

23

infringement under § 271(e)(2) based on allegations that the "FDA will require Mylan to abandon its section viii statement" and revise its label to include an allegedly infringing method of use for a combination of drugs (repaglinide and metformin). *Novo v. Mylan*, 2010 WL 1372437, at *4, *7. Judge Wolfson squarely rejected these arguments and concluded:

> Here, where "no presumptive truthfulness" attaches to the allegations in the complaint, [(citing Mortensen, 549 F.2d at 891)], this Court simply does not agree that Novo Nordisk has pled facts that would support Section 271(e)(2) jurisdiction. As Mylan points out, what is missing from the [First Amended Complaint] is an allegation that Mylan's proposed labeling *has been rejected* by the FDA or that the FDA *has required* Mylan to modify its certification.

*Id.* at *12 (original emphasis). Judge Wolfson further held that, because the FDA had not rejected Mylan's proposed labeling or required Mylan to replace its section viii statement with a paragraph IV certification, the Court also lacked jurisdiction because the question of infringement was not "ripe for review":

> What is clear to this Court is that Novo Nordisk's claim is not ripe for review in that it "rests upon *contingent future events* that may not occur as anticipated, or indeed *may not occur at all*." *Texas*, 523 U.S. at 300. . . . Unless and until the FDA makes those determinations, this Court finds that the instant action is not ripe for review.

*Id.* at *13 (citing *Texas v. United States*, 523 U.S. 296, 300-01 (1998)) (emphasis added). Based on this analysis, Judge Wolfson granted Mylan's motion to dismiss *both* for lack of subject matter jurisdiction and for failure to state a claim. *Id.* at *1.

Here, even more so than in *Novo v. Mylan*, the jurisdictional analysis is one-sided, and weighs entirely in Mylan's favor. Plaintiffs have not only failed to allege that (1) Mylan has submitted a paragraph IV certification to any claim of either the '618 or '152 patent; (2) that the FDA has rejected Mylan's proposed labeling; or (3) ▮