As in *Novo v. Mylan*, the Amended Complaint should, and indeed must, be dismissed for lack of subject matter jurisdiction (and/or ripeness).

### III. The Amended Complaint Fails To State A Claim For Infringement.

When a party moves to dismiss under both Rule 12(b)(1) and 12(b)(6), a court should first decide the Rule 12(b)(1) challenges. *Novo v. Mylan* 2010 WL 1372437, at *5. If a court finds that it lacks subject matter jurisdiction for any reason, the Rule 12(b)(6) defenses "become moot and need not be addressed." *Id.* (quoting *Wyeth & Cordis Corp. v. Abbott Labs.*, No. 08-0230, 2008 WL 203680, at *2 (D.N.J. May 8, 2008)).

That said, in addition to the jurisdictional defects set forth above, the Amended Complaint in this case also fails to state a claim upon which relief may be granted. Again, a paragraph IV certification is both a jurisdictional prerequisite to—and a necessary element of—a § 271(e)(2) infringement claim. (*See* Pages 10-11 above (explaining that a paragraph IV certification as a "highly artificial act of infringement" that "creates" a cause of action under § 271(e)(2))). Viewed from the opposite perspective, a section viii statement is *not* an act of infringement, and a section viii statement *does not create* a cause of action under § 271(e)(2). *See, e.g., Purepac*, 238 F. Supp. 2d at 195 ("An applicant proceeding by means of a section viii statement . . . *does not face an infringement action under 35 U.S.C. § 271(e)(2)(A)* . . . ." (citing 35 U.S.C. § 271(e)(2)(A); *Eli Lilly*, 496 U.S. at 676; *Glaxo*, 110 F.3d at 1569) (emphasis added).

Because the Amended Complaint does not allege the primary element of a § 271(e)(2) claim for infringement for either the '618 or the '152 patents—a paragraph IV certification "act of infringement"—both claims must be dismissed according to Rule 12(b)(6). *See, e.g., Eisai*, 2007 WL 4556958, at *7-14 (granting Rule 12(b)(6) motion to dismiss where the "ANDA contained no Paragraph IV certification against the patent").

Similarly, the Amended Complaint fails to state a claim for indirect infringement of either the '618 or '152 patents. It is black-letter law that "[l]iability for either active inducement

26

of infringement or for contributory infringement is dependent upon the existence of direct infringement." *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993). A party alleging indirect infringement—either inducement of infringement or contributory infringement—must prove the existence of a predicate act of direct infringement. *See id.* Here again, because Plaintiffs cannot allege an act of direct infringement—the filing of a paragraph IV certification to either patent-in-suit—the Amended Complaint fails to state a claim for indirect infringement.

To the extent Plaintiffs argue that they should be allowed to maintain a claim for indirect infringement today ▆▆▆, this argument would run contrary to well-established Federal Circuit precedent. In *Warner-Lambert Co. v. Apotex Corp.*, the Federal Circuit explained that claims for potential indirect infringement do not fall within § 271(e)(2):

> [T]he ANDA must be judged on its face for what an accused infringer seeks the FDA's approval to do. *Section 271(e)(2) does not encompass "speculative" claims of infringement.* . . . The infringement case is therefore limited to an analysis of whether what the generic drug maker is requesting authorization for in the ANDA would be an act of infringement if performed. Here, the request to make and sell a drug labeled with a permissible (non-infringing) use cannot reasonably be interpreted as an act of infringement (induced or otherwise) with respect to a patent on an unapproved use, as the ANDA does not induce anyone to perform the unapproved act required to infringe. That a generic maker may someday induce someone to infringe *can only be determined* when that act occurs, and *§ 271(e)(2) was not designed to cover such future acts.*

*Warner-Lambert*, 316 F.3d 1348, 1364-65 (Fed. Cir. 2003) (emphasis added). ▆▆▆ Even if this Court had subject matter jurisdiction and Plaintiffs could allege a predicate act of direct infringement, ▆▆▆

27



## CONCLUSION

This baseless suit was filed as a hedge against an adverse trial judgment, and remains pending solely as a hedge against an adverse appellate decision. AstraZeneca's failure to withdraw its Amended Complaint ███████████████████████████████████████████████, especially in light of the recent *Novo v. Mylan* decision directly on point. Mylan respectfully submits that the Amended Complaint is both facially and factually flawed, and should be dismissed according to FED. R. CIV. P. 12(b)(1). In addition, for the same reasons, the Amended Complaint fails to state a claim upon which relief may be granted, and should be dismissed according to FED. R. CIV. P. 12(b)(6). As the Federal Circuit has made very clear, no paragraph IV certification means no subject matter jurisdiction and no infringement, ███████████████████████████████████████████████

Dated: July 23, 2010

Respectfully submitted,

**MYLAN PHARMACEUTICALS INC.**

Of Counsel:
William A. Rakoczy
Deanne M. Mazzochi
Joseph T. Jaros
Eric R. Hunt
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois 60654
T: (312) 222-6301
F: (312) 222-6321
wrakoczy@rmmslegal.com

Arnold B. Calmann
Jane Jhun
SAIBER LLC
One Gateway Center, 10th Floor
Newark, New Jersey 07102-5311
T: (973) 622-3333
F: (973) 622-33349
abc@saiber.com

By: _____
John C. Phillips, Jr. (Bar No. 110)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
T: (302) 655-4200
F: (302) 655-4210
jcp@pgslaw.com

*Attorneys for Mylan Pharmaceuticals Inc.*

29

## CERTIFICATE OF SERVICE

I hereby certify that, on the 23rd day of July 2010, I served a true and correct copy of **DEFENDANT'S BRIEF IN SUPPORT OF ITS RULE 12(b)(1) AND 12(b)(6) MOTION TO DISMISS THE AMENDED COMPLAINT** on the counsel of record listed below in the manner indicated:

*By Hand Delivery & Electronic Mail*:

Mary W. Bourke
Dana Kathryn Severance
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
mbourke@cblh.com
dseverance@cblh.com

*By Electronic Mail*:

Ford. F. Farabow
Charles E. Lipsey
Kenneth M. Frankel
York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
ford.farabow@finnegan.com
charles.lipsey@finnegan.com
kenneth.frankel@finnegan.com
york.faulkner@finnegan.com

Henry J. Renk
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
hrenk@fchs.com

William E. McShane
CONNOLLY BOVE LODGE & HUTZ LLP
1875 Eye Street, NW
Suite 1100
Washington, DC 20006
wmcshane@cblh.com

John C. Phillips, Jr. (Bar No. 110)